MINER, Judge,
concurring and dissenting.
The majority correctly directs the expunction of statements referring to C.P.’s subsequent employment at increased salary. These statements were not germane, and I concur in this portion of the majority opinion. I respectfully dissent, however, in the majority’s finding that there was a sufficient factual foundation to preclude expunction of the remaining statements.
The majority finds “sufficient factual foundation” to support the statements concerning C.P.’s failure to perform her duties, as well as the grand jury’s finding of gross neglect and nonperformance. In my reading of the presentment, I have failed to uncover any factual foundation, sufficient or otherwise, to support these condemnations. Other than the fact that C.P. was employed by an agency responsible for monitoring the project, nothing is revealed concerning the nature of her duties. The presentment makes no findings as to the dates of C.P.’s involvement, the extent of her access to project information, or to any specific failure on her part. The eonclusory statement that C.P. failed to report certain deficiencies to her employer is unaccompanied by any finding that she was in a position to discover the problems so as to make report.
The majority correctly states that we are not permitted to go behind the grand jury’s findings to review the evidence that was presented. A corollary principle must also preclude us from delving into the evidence for the purpose of making additional findings of fact on behalf of the grand jury. In my view, this is precisely what has been done. From the grand jury’s naked conclusion that C.P. failed in her duties, the majority has, in effect, extrapolated additional findings as to the nature and extent of those duties. If C.P.’s role was significant enough to warrant condemnation, then it should also have been significant enough to merit at least a bare-bones factual assessment of her involvement in this debacle.